Strafford, }
Dec., 1899. }

SNOW, *Adm'r*, v. FIRST FREEWILL BAPTIST SOCIETY OF SOM-
ERSWORTH *& a.*

Where a will directs an executor to invest a legacy and apply the income
thereof to the use of the legatee, the principal of the fund is to be held by
him as trustee.

BILL IN EQUITY, praying for the construction of the fourth
and fifth clauses of Lois Merrill's will, which are as follows :
"4th.   I give and bequeath to the First Freewill Baptist Society,
where I attend church, the proceeds of the note I have against
it, also the sum of five hundred dollars, and direct my executor to
safely invest said sums, and the income thereof to be annually
applied to the uses of said society in the village of Great Falls.
in said Somersworth.
"5th.   I give and bequeath to the Congregational Society at
Ossipee Center the sum of five hundred dollars, to be safely in-
vested by my executor, and the income annually applied to the
uses of said society."
The defendants are the beneficiaries named in these clauses and
claim that the legacies should be paid to them.

*Worcester, Gafney & Snow*, for the plaintiff.

*William F. Russell*, for the defendants.

YOUNG, J.   The provisions of the will that the executor invest
these legacies, apply the income from them to the defendants' use,
and collect the note which forms a part of the legacy given in the
fourth clause, are all the evidence there is as to whether the testa-

trix intended that these legacies should be paid to the defendants, or held in trust for them. Giving the language used in these provisions its ordinary meaning, it is the duty of the executor to keep these legacies invested, collect their income, and apply it to the defendants' use, and he could not conveniently perform these duties unless he retained possession of the legacies; and it is very improbable that she would have directed him to collect the note if she intended that the legacy of which it forms a part should be paid to the legatees, for that would be directing him to collect this note from the legatees and return its proceeds to them as soon as collected. These provisions show she intended that her executor should hold these legacies in trust for the defendants, and his duties in respect to them are those of a trustee. *Ward* v. *Ward,* 105 N. Y. 68, 74.

*Case discharged.*

All concurred.